FILED 10 OCT 21 10:29USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 10-cr-139-RE |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| KEVIN JAMES HEASLEY, | |
| Defendant. | |

REDDEN, Judge:

Before the court is defendant Kevin James Heasley's Motion to Compel Discovery of Computer-Related Discovery (doc. 20). Oral argument is not necessary. For the reasons that follow, I DENY the motion.

On September 16, 2009, while on post-prison supervision for a previous sexual abuse conviction, defendant consented to a probation officer's search of his residence. When the

probation officer opened defendant's laptop computer, the computer displayed what appeared to be child pornography. The probation officer seized defendant's computer, two USB flash drives, and a portable hard drive for further investigation. The government alleges that state and federal forensic investigators subsequently found thousands of images of child pornography on defendant's computer and digital media.

Based on these forensic analyses and other evidence, a federal grand jury returned a two-count indictment charging defendant with possessing and distributing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(1)-(2). The government subsequently produced discovery consisting of four DVDs, which included of redacted reports, a video file, a redacted video file, and an audio file.

In May 2010, defendant requested a "mirror image" of all digital media seized from his residence on September 16, 2010. By letter dated June 1, 2010, the government denied defense counsel's request, explaining that the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), 18 U.S.C. § 3509(m), specifically prohibited the duplication of contraband evidence involving child pornography, even for purposes of defense counsel's review during criminal proceedings. *See* Gov. Resp., Ex. A (June 1, 2010 letter from Assistant U.S. Attorney Ryan Bounds to Susan Elizabeth Reese). In that same letter, the government indicated that defendant's forensic expert could view and analyze the evidence during regular business hours at the Bureau of Immigration and Customs Enforcement ("ICE") in Portland, Oregon. The letter also indicated that if necessary (e.g., hearing/trial preparation), the government would attempt to make the material available at other times. The government informed defense counsel that the material could be reviewed in ICE's conference room, which is "private area with a telephone,"

PAGE 2 - OPINION AND ORDER

and that Internet access and a photocopier would be made available. *Id.* at 1. No one else would be admitted to the room "without [defense counsel's] consent," and special measures would be taken to ensure the confidentiality of defense counsel's work product. *Id.* Finally, the letter advised defense counsel that the forensic investigator must bring their own equipment.

On September 30, 2010, defendant filed this motion to compel discovery of computer-related and electronic evidence seized from defendant. Defendant seeks the production of "a mirror hard drive containing *all computer files* and other computer and electronic evidence seized in this case." Def.'s Mot. to Compel, at 1 (emphasis added). Defendant contends that requiring his Beaverton-based forensic expert to review the evidence in downtown Portland is "inappropriate and unduly burdensome," and that "depriving and/or limiting [defendant's] access to a mirror copy" of the evidence in this case is a violation of his Fifth Amendment right to due process. Def.'s Mem. in Support, at 6-7. Defendant also argues that the government's restriction of access to a mirror copy of the electronic evidence in this case violates his right to the effective assistance of counsel under the Sixth Amendment. Def.'s Mem., at 11.

The Adam Walsh Act provides that "[i]n any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court." 18 U.S.C. § 3509(m). Section 2256 defines child pornography as "any visual depiction, including any photograph, film, video, picture, or *computer or computer-generated image* or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct . . . " involving a minor. 18 U.S.C. § 2256(8) (emphasis added).

PAGE 3 - OPINION AND ORDER

The Act further provides:

> Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court *shall deny, in any criminal proceeding,* any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography . . . so long as the Government makes the property or material reasonably available to the defendant.

18 U.S.C. § 3509(m)(2)(A) (emphasis added). The property or material "shall be deemed to be reasonably available to defendant if the Government provides ample opportunity for inspection, viewing, and examination" of the material at a government facility "by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." 18 U.S.C. § 3509(m)(2)(B).

Here, the court must deny defendant's motion to compel production of a "mirror hard drive containing all computer files" seized in this case under the plain terms of Section 3509(m). Although defendant correctly points out that the hard "drive, in and of itself, is not child pornography," Def.'s Mem., at 15, the hard drive contains data and files that constitute "computer-generated image[s] or pictures . . . of sexually explicit conduct" involving minors. 18 U.S.C. § 2256(8). It is this data—not the physical drive itself—that defendant seeks. *See* Def.'s Mot., at 1 (demanding "all computer files" seized in this case). Therefore, defendant's request to reproduce those materials must be denied under the express terms of Section 3509(m), so long as the government makes those materials reasonably available for defendant's inspection.

In this case, the government has provided and will continue to provide defense counsel with "ample opportunity for inspection, viewing, and examination" of the seized materials in a private room at ICE's downtown Portland office. The government has represented to the court that defendant's forensic investigator will not be monitored in any way while working in the

PAGE 4 - OPINION AND ORDER

private ICE office, that the investigator may bring his own equipment to conduct any forensic analysis, and the government will provide access to the Internet, a photocopier, a telephone, and an adequate power supply. Gov. Ex. A, at 1-2; Gov. Ex. B., Aff. of ICE Senior Special Agent Jim Cole, ¶¶ 3-5 Moreover, the government has agreed that it will not search the defense investigator's equipment, and that the investigator will be free to copy and take any data that does not constitute child pornography. Ex. B, ¶ 5. Aside from refusing to produce a mirror image of defendant's computer under Section 3509(m), there is no evidence the government has refused any request to inspect the evidence at issue. In fact, during his only attempt to view or analyze the evidence to date, defendant's forensic expert did not request any accommodations that the government was unwilling to provide. Ex. B., ¶ 6. On this record, I find that the government has provided and will continue to provide the defense with "ample opportunity" to view and inspect the materials in question under 18 U.S.C. § 3509(m). *See United States v. Flinn*, 521 F. Supp. 2d 1097, 1103 (E.D. Cal. 2007) (finding that government facility provided "ample opportunity" to conduct examination, and denying motion for mirror image of hard drive under the Adam Walsh Act). Accordingly, I deny the motion to compel.

Defendant's constitutional arguments are unpersuasive. As an initial matter, federal courts have consistently and uniformly upheld Section 3509(m), finding that the statute's "ample opportunity" requirement comports with due process. *See United States v. O'Rourke*, 470 F. Supp. 2d 1049, 1055 (D. Ariz. 2007) (construing "ample opportunity to require the same access that due process requires); *United States v. Knellinger*, 471 F.Supp. 2d 640, 646 (E.D. Va. 2007) (If the "statutorily required ample opportunity has been provided," the defendant's constitutional rights "will, by definition, have been protected."); *United States v. Flinn*, 521 F. Supp. 2d 1097,

PAGE 5 - OPINION AND ORDER

1101 (E.D. Cal. 2007) ("Few could argue that a statute which gives the defense 'ample opportunity' to perform its analyses is not on its face consistent with due process."); *United States v. Spivack*, 528 F. Supp. 2d 103, 107 (E.D.N.Y. 2007) ("[T]he 'ample opportunity' requirement of § 3509(m) is at least coterminous with constitutional due process . . . ."); *United States v. Sturm*, 560 F. Supp. 2d 1021, 1027 (D. Colo. 2007) (the requirements of § 3509(m)(2) "are consistent, if not coterminous, with the due process guarantee"); *United States v. Battaglia*, 2007 WL 1831108, No. 07-CR-55, at * 5 (N.D. Ohio 2007) (finding that "the 'ample opportunity' requirement of § 3509(m) is at least coterminous with constitutional due process").

Requiring defendant's investigator to travel approximately ten miles from Beaverton, Oregon to downtown Portland to view and analyze these materials simply does not rise to the level of a constitutional deprivation. *See United States v. O'Rourke*, 470 F. Supp. 2d 1049, 1055-56 (D. Ariz. 2007) (denying defendant's request for copy of hard drive under the Adam Walsh Act, and concluding that the "hardship of [Ohio] counsel traveling to Arizona to view evidence generally does not implicate due process concerns."). Although it would certainly be more convenient, efficient, and cost effective for defendant's investigator to review these materials at his own office and on his own schedule, these concerns "do not amount to the deprivation of an 'ample opportunity' to view, examine, or inspect the material," or violate defendant's "right to constitutional due process. They are incidental nuisances that must have been contemplated by Congress when it passed § 3059(m)." *United States v. Battaglia*, 2007 WL 1831108, at *6 (N.D. Ohio 2007); *see also United States v. Burkhart*, 2006 WL 2432919, at *1 (W.D. Pa. 2006) (vacating order to turn over mirror image of computer hard drive under the Adam Walsh Act and noting the "relevant standard does not consider expense or location of the

expert as factors to consider when determining whether the material is reasonably available to a defendant"); *United States v. Gaynor*, 2008 WL 113653, *4 (D. Conn. 2008) (finding that FBI facility less than fifteen miles from defense expert's office was "close enough" to allow for reasonable opportunity to inspect materials). The government has agreed to provide defendant with a full opportunity to review and analyze the materials at issue in a private room at ICE offices, without government monitoring or interference of any kind. The marginal inconvenience and costs incurred by defense counsel as a result of complying with 18 U.S.C. § 3509(m) do not violate defendant's Due Process rights.

Defense counsel's concerns regarding government invasion of privileged work product or interference with the defense are unfounded. Again, the government has indicated that the investigator will be able to work in a private room that is "not monitored in any way," that there are "no cameras or listening devices in the room," that "no one else will be in the room without [defense counsel's] consent," and that the government "would not search [the forensic investigator's] equipment." Ex. A, at; Ex. B, ¶¶ 4-5. In addition, the government has instructed defendant's investigator to bring his own computer equipment to the facility, which will prevent any government agent from reconstructing the investigator's analysis. Gov. Ex. B, ¶ 5; *Cf. O'Rourke*, 470 F. Supp. 2d at 1058 (defense counsel's concern that using a government computer to perform analysis "would leave a roadmap to experts' work product" obviated by permitting experts to use their own computers). Because the expert can work as long as often and as long as he would like in a private room that is not monitored by the government, there is no significant risk that the defense's privileged work product or communications will be disclosed to the government.

I find that the government has provided defendant "ample opportunity" to examine the electronic evidence in this case, and that the government's proposal for viewing and inspecting the evidence does not violate defendant's rights under the Fifth and Sixth Amendments. The government is ordered to continue to make the electronic evidence available to defendant under the conditions described in its June 1, 2010 letter to defense counsel, and ICE Senior Special Agent Jim Cole's Affidavit. Accordingly, I DENY defendant's Motion to Compel Discovery of Computer-Related and Electronic Evidence (doc. 20).

IT IS SO ORDERED.

DATED this 20 day of October, 2010.

James A. Redden
United States District Judge